UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA a/s/o Ethical Culture Fieldston School
and Ethical Culture Fieldston,

                        Plaintiffs,

      - against -

TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, JOHN CIVETTA & SONS, INC.,
AMBROSINO, DEPINTO, SCHMIEDER
CONSULTING ENGINEERS, P.C., MUNOZ
ENGINEERING & LAND SURVEYING, P.C.,
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.

                        Defendants.
------------------------------------------------------------X

07CV11178

**ANSWER TO
COMPLAINT**

DEFENDANT, JOHN CIVETTA & SONS, INC., ("CIVETTA") by and through its attorneys RUBIN, FIORELLA & FRIEDMAN LLP, as and for its answer to the verified complaint of the plaintiff dated November 1, 2007, upon information and belief, as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "1".

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "2".

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "3".

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "4".

5. Admits that defendant is a NY corporation with offices at 1123 Bronx River Avenue, Bronx, NY and denies knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in the paragraph of the complaint designated "5".

6. Admits that Civetta contracted with Tishman Construction Corporation for work at the premise of The Ethical Culture School, and denies knowledge, information sufficient to from a belief as to the truthfulness of the remaining allegations contained in the paragraph of the complaint designated "6".

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "7".

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "8".

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "9".

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "10".

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "11".

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "12".

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "13".

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "14".

15. Admits that this defendant contracted with defendant Tishman Construction Corporation, for work at the premise of The Ethical Culture School, and denies knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegation contained in the paragraph of the complaint designated "15".

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated "16".

17. Admits that this defendant was excavating rock in the west parking lot of the subject premises, and penetrated an electrical conduit, but denies knowledge and information sufficient to form a belief regarding the remaining allegations contained in paragraph of the Verified Complaint designated "17".

18. Denies that site plans for the new storm drain were drafted or prepared by this defendant, but admits that no site plan seen by this defendant indicated the presence of an electrical duct bank in the west parking lot of the subject premises.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "19".

3

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Verified Complaint designated "20".

21. Repeats, reiterates and realleges each and every allegation contained in the paragraphs of this answer designated "1" through "20", as if set forth herein at length, in answer to the paragraph of the complaint designated "21".

22. Denies each and every allegation in the paragraph of the complaint designated "22" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

23. Denies each and every allegation in the paragraph of the complaint designated "23" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

24. Repeats, reiterates and realleges each and every allegation contained in the paragraphs of this answer designated "1" through "23", as if set forth herein at length, in answer to the paragraph of the complaint designated "24".

25. Denies each and every allegation in the paragraph of the complaint designated "25" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

26. Denies each and every allegation in the paragraph of the complaint

4

designated "26" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

27.    Repeats, reiterates and realleges each and every allegation contained in the paragraphs of this answer designated "1" through "26", an if set forth herein at length, in answer to the paragraph of the complaint designated "27".

28.    Denies each and every allegation in the paragraph of the complaint designated "28" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

29.    Denies each and every allegation in the paragraph of the complaint designated "29" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

30.    Denies each and every allegation in the paragraph of the complaint designated "30" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

31.    Denies each and every allegation in the paragraph of the complaint

designated "31" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

32.   Denies each and every allegation in the paragraph of the complaint designated "32" as it refers to this defendant, and denies knowledge and information sufficient to form a belief on to the truthfulness of the allegations therein, as they refer to any other defendant.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action over this defendant.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Any damages or loss allegedly suffered herein by plaintiff or its subrogor resulted from acts and/or omissions of certain other parties for whose conduct this defendant is not responsible.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff failed to join and indispensable party.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

If the plaintiff or its subrogor sustained any loss or damage alleged in the complaint, then, upon information and belief, such loss or damage was not the result of any breach or tortious act by this defendant, but was caused in whole or in part by the

acts, neglect, contributory negligence, carelessness, and/or plaintiff's subrogor assumption of risk and culpable conduct of the plaintiff's subrogor or his agents, servants or employees, and this defendant is therefore entitled to dismiss or reduction of any recovery had by the plaintiff's proportion which the culpable conduct attributable to the plaintiff's subrogor bears to the culpable conduct which caused the damages complained of.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Plaintiff and its subrogor have failed to mitigate their damages, if any, and recovery, if any, must be reduced accordingly.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Upon information and belief, the liability of this defendant, if any, which is denied, is in all events subject to and limited by, the terms and conditions of and/or applicable provisions of the New York Civil Practice Law or Rules, the New York Uniform Commercial Code, and all other legislation limiting liability, providing for the filing of claims, and requiring that a suit be commenced withing a specified period of time.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

To the extent that plaintiff or its subrogor has made claims and has received payment from other sources with respect to the damages as alleged in

7

plaintiff's complaint, the plaintiff is not entitled to recover such amounts from this defendant.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

This defendant took all necessary measures, or it was impossible to do so, to avoid the loss alleged in the complaint, and heretofore this defendant is not liable to plaintiff.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The complaint for damages fails as a matter of law to state any ground upon which relief should be granted.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

That if the plaintiff recovers herein against two or more tort-feasors jointly liable and/or if the culpable conduct of any person not a party to this action is considered in determining any equitable share herein and if this answering defendant's liability is 50% or less of the total liability assigned, then this answering defendant's liability for non economic loss shall not exceed the equitable share as determined by the answering defendant's percentage of liability for non economic loss pursuant to Civil Practice Law and Rules of Article 16.

### AS AND FOR A FIRST CROSS CLAIM, BY THIS ANSWERING DEFENDANT AGAINST THE CO-DEFENDANTS HEREIN TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, AMBROSINO, DEPINTO, SCHMIEDER

8

CONSULTING ENGINEERS, P.C., MUNOZ ENGINEERING & LAND SURVEYING, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

If plaintiff or its subrogor were caused to sustain damages at the time and place set forth in plaintiff's complaint due to any carelessness, recklessness, negligence, breach of contract or warranty, or other act of omission or commission, other than the plaintiff's subrogor's own careless, recklessness, negligence, acts of omission or commission, and/or breach of contract or warranty, then these damages were sustained as a result of the acts of omission or commission of the co-defendant in this action, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., MUNOZ ENGINEERING & LAND SURVEYING, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., their agents, servants and/or employees, without any negligence of this defendant contributing thereto; and if any judgment is obtained herein by the plaintiff against this answering defendant, it will be damaged thereby and the co-defendants named in this action are responsible thereto in whole or in part.

By reason of the foregoing, the co-defendants in this action will be liable to this answering defendant in the event plaintiff obtains a judgment against this defendant, in the full amount of any recovery had herein by plaintiff, or for that proportion thereof caused by the relative responsibility and/or culpable conduct of each

of the co-defendants and the said co-defendants will be bound to pay to this defendant any and all fees and disbursements related thereto.

WHEREFORE, JOHN CIVETTA & SONS, INC., demands judgment dismissing the complaint herein as against it and further demand that the ultimate rights of this defendant and the co-defendants TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., MUNOZ ENGINEERING & LAND SURVEYING, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., as between themselves, be determined, and that JOHN CIVETTA & SONS, INC., have judgment against these co-defendants for all, or that portion of any verdict or judgment which may be obtained herein by the plaintiff against this answering defendant to the extent that the responsibility of the co-defendants contributed to plaintiff's loss, together with the costs and disbursements of this action.

Dated: New York, New York
January 29, 2008

Yours truly,

RUBIN FIORELLA & FRIEDMAN, LLP,

By: Patrick J. Corbett Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys For John Civetta & Sons, Inc.
292 Madison Avenue, 11th Floor
New York, NY 10017
(212) 953-2381
Our File No.: 587-10174

To:

Sheps Law Group, P.C.
Attn: Robert C. Sheps
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

Tishman Construction Corporation Of New York
666 Fifth Avenue
New York, New York 10103

Mark S. Krieg, Esq.
Krieg Associates, P.C.
Attorneys For
Cooper, Robertson & Partners, LLP
5 Heather Court
Dix Hills, NY 11746
(631) 499-8406

Munoz Engineering & Land Surveying, P.C.
234 Fifth Avenue
Third Floor
New York, NY 10001

Ambrosino, Depinto & Schmieder Consulting Engineers, P.C.
275 Seventh Avenue
New York, NY 10001-6787

Langan Engineering and Environmental Services, Inc.
21 Penn Plaza
360 West 31st Street, 8th Floor
New York, NY 10001-2727

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

PATRICK J. CORBETT, an attorney duly admitted to practice law in the State of New York, affirms:

That the undersigned is a member of the firm of RUBIN, FIORELLA & FRIEDMAN LLP, attorneys of record for defendant, JOHN COVETTA & SONS, INC., in the within action; that the undersigned has read the foregoing and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by defendants is because said parties do not reside or have a place of business in New York County, where your affirmant's office is located.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, are investigative material contained in affirmant's file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:   New York, New York
         January 29, 2008

_____
PATRICK J. CORBETT

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK )

**CHERYL ZALTSMAN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

That on the 29 th day of January, 2008, deponent served the within **ANSWER TO COMPLAINT** via Regular Mail upon:

Sheps Law Group, P.C.
Attn: Robert C. Sheps
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

Tishman Construction Corporation Of New York
666 Fifth Avenue
New York, New York 10103

Mark S. Krieg, Esq.
Krieg Associates, P.C.
Attorneys For
Cooper, Robertson & Partners, LLP
5 Heather Court
Dix Hills, NY 11746
(631) 499-8406

Munoz Engineering & Land Surveying, P.C.
234 Fifth Avenue
Third Floor
New York, NY 10001

Ambrosino, Depinto & Schmieder Consulting Engineers, P.C.
275 Seventh Avenue
New York, NY 10001-6787

Langan Engineering and Environmental Services, Inc.
21 Penn Plaza
360 West 31st Street, 8th Floor
New York, NY 10001-2727

in this action at the address designated by said attorneys for that purpose by depositing same enclosed in a post-paid properly addressed wrapper, in an office depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Cheryl Zaltsman

Sworn to before me this
29th day of January, 2008

_____
Notary Public

PATRICK J. CORBETT
Notary Public, State of New York
Reg. No. 02CO6118029
Qualified in Westchester County
My Commission Expires November 1, 20___

14

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA a/s/o Ethical Culture Fieldston School
and Ethical Culture Fieldston,

                    Plaintiffs,

- against -

TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, JOHN CIVETTA & SONS, INC.,
AMBROSINO, DEPINTO, SCHMIEDER
CONSULTING ENGINEERS, P.C., MUNOZ
ENGINEERING & LAND SURVEYING, P.C.,
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.

                    Defendants.
---------------------------------------X

07CV11178

**7.1 Rule**

## ANSWER TO COMPLAINT

**RUBIN, FIORELLA & FRIEDMAN LLP**
*Attorneys for Defendant*
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Our File No. 587-10174

_____
Attorney(s) for

To:
Attorney(s) for
Service of a copy of the within is hereby admitted.
Dated:

**PLEASE TAKE NOTICE**
  **Notice of Entry**
  that the within is a (certified) true copy of a _____ duly entered in the Office of the Clerk
  of the within named Court on _____, 2002.
  **Notice of Settlement**
  that an order of which the within is a true copy, will be presented for settlement to the
  HON. _____, one of the judges of the within named Court, on _____,
  2007 at ____ .m.

                    Yours, etc.,

Dated:
                To:

                Attorney(s) for