UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA a/s/o Ethical Culture Fieldston School and Ethical
Culture Fieldston,

CIVIL ACTION NO.
CV 07-11178 (SHS)

                             Plaintiff,

    -against-

TISHMAN CONSTRUCTION CORPORATION OF NEW
YORK, JOHN CIVETTA & SONS, INC., AMBROSINO,
DEPINTO, SCHMIEDER CONSULTING ENGINEERS,
P.C., MUNOZ ENGINEERING & LAND SURVEYING,
P.C., COOPER, ROBERTSON & PARTNERS, LLP, and
LANGAN ENGINEERING & ENVIRONMENTAL
SERVICES, INC.

                           Defendants.

------------------------------------------------------------------------X

## ANSWER OF DEFENDANT LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC. TO AMENDED COMPLAINT

Defendant, Langan Engineering and Environmental Services Inc., P.C. ("Langan"), improperly sued herein as Langan Engineering and Environmental Services, Inc., by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to the Amended Complaint of Plaintiff, Travelers Property Casualty Company of America ("Travelers") a/s/o Ethical Culture Fieldston School and Ethical Culture Fieldston (collectively, "Fieldston"), alleges upon information and belief as follows:

### THE PARTIES

FIRST: Paragraph 1 of the Complaint constitutes a jurisdictional allegation and, therefore, need not be specifically admitted or denied by Defendant Langan. To the extent an answer is

required, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

  SECOND:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

  THIRD:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

  FOURTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

  FIFTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

  SIXTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

  SEVENTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

  EIGHTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

  NINTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

  TENTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

  ELEVENTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

TWELFTH: Defendant Langan denies the allegations contained in Paragraph 12, except admits that it is a corporation organized and existing under the laws of the State of New Jersey with its principal executive office located at River Drive Center 1, Elmwood Park, New Jersey 07407, and that it is in the business of providing, *inter alia*, civil engineering services.

## JURISDICTION

THIRTEENTH: Paragraph 13 of the Complaint constitutes a jurisdictional allegation and, therefore, need not be specifically admitted or denied by Defendant Langan. To the extent an answer is required, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## THE LOSS

FOURTEENTH: Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

FIFTEENTH: Defendant Langan denies the allegations contained in Paragraph 15 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

SIXTEENTH: Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

SEVENTEENTH: Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

EIGHTEENTH: Defendant Langan denies the allegations contained in Paragraph 18 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

NINETEENTH:  Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

TWENTIETH:  Defendant Langan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

**ANSWERING THE FIRST CAUSE OF ACTION AS TO DEFENDANTS**
**(NEGLIGENCE)**

TWENTY-FIRST:  Defendant Langan adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in paragraphs 1 through 20 of the Complaint as if set forth fully herein.

TWENTY-SECOND:  Defendant Langan denies the allegations contained in Paragraph 22 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

TWENTY-THIRD:  Defendant Langan denies the allegations contained in Paragraph 23 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

**ANSWERING THE SECOND CAUSE OF ACTION AS TO**
**DEFENDANTS TISHMAN AND CIVETTA**
**(NEGLIGENCE)**

TWENTY-FOURTH:  Defendant Langan adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in paragraphs 1 through 23 of the Complaint as if set forth fully herein.

TWENTY-FIFTH:  Paragraph 25 of the Complaint does not pertain to Defendant Langan and, therefore, need not be specifically admitted or denied by Defendant Langan.  To the extent a response is required, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

TWENTY-SIXTH:    Paragraph 26 of the Complaint does not pertain to Defendant Langan and, therefore, need not be specifically admitted or denied by Defendant Langan. To the extent a response is required, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

### ANSWERING THE THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS (BREACH OF CONTRACT)

TWENTY-SEVENTH:    Defendant Langan adopts, reiterates, and incorporates by reference each and every answer, defense, denial, and admission set forth in response to the allegations contained in paragraphs 1 through 26 of the Complaint as if set forth fully herein.

TWENTY-EIGHTH:    Defendant Langan denies the allegations contained in Paragraph 28 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

TWENTY-NINTH:    Defendant Langan denies the allegations contained in Paragraph 29 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

THIRTIETH:    Defendant Langan denies the allegations contained in Paragraph 30 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

THIRTY-FIRST:  Defendant Langan denies the allegations contained in Paragraph 31 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

THIRTY-SECOND:    Defendant Langan denies the allegations contained in Paragraph 32 to the extent they are directed against it, otherwise, Defendant Langan lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

### FIRST AFFIRMATIVE DEFENSE

THIRTY-THIRD:    The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

THIRTY-FOURTH:    This action is barred, in whole or in part, by Fieldston's failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

THIRTY-FIFTH: This action is barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    The damages allegedly sustained by Fieldston were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or entities over which Defendant Langan had no control.

### FIFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:    The Complaint fails to join all necessary parties, and the intervening negligence and intervening causation of persons not a party to this action is a partial or complete bar to all causes of action asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:    Fieldston's damages were caused in whole or in part by the culpable conduct of Fieldston or other parties which either bars the claims completely or diminishes the

damages by the proportion that such culpable conduct of Fieldston or other parties bear to the total culpable conduct causing the damages.

**SEVENTH AFFIRMATIVE DEFENSE**

THIRTY-NINTH:    Fieldston's alleged injuries and damages were caused solely by the acts, wrongs, or omissions of Fieldston or by preexisting conditions or by intervening or superseding causes or by other persons, entities, forces, and/or things over which Defendant Langan had no control and for which Defendant Langan is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

FORTIETH:    Fieldston's alleged damages were caused by remote, unrelated and/or unforeseeable causes and cannot form the basis for recovery against Langan.

**NINTH AFFIRMATIVE DEFENSE**

FORTY-FIRST:  The damages complained of were not intended, foreseeable, or preventable by the exercise of reasonable care.

**TENTH AFFIRMATIVE DEFENSE**

FORTY-SECOND:    The damages complained of were not caused by any negligence or carelessness on the part of Defendant Langan.

**ELEVENTH AFFIRMATIVE DEFENSE**

FORTY-THIRD: Defendant Langan may have additional defenses that cannot be articulated due to the generality of the Complaint, the absence of documents, and/or due to the early stages of this litigation.  Accordingly, Defendant Langan reserves the right to supplement the foregoing and to assert additional defenses as may appear after the claims are particularized, and after discovery of information concerning the matters set forth in the Complaint.

WHEREFORE, Defendant Langan demands judgment as follows:

(i)  Dismissing Plaintiff's Complaint on the merits and with prejudice;

(ii)  Awarding, against Plaintiff, Defendant Langan's attorneys' fees, costs, expenses and disbursements in this action;

(iii)  Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 4, 2008

                                SEDGWICK, DETERT, MORAN & ARNOLD, LLP


                                     /s/  Lawrence Klein
                                Lawrence Klein (LK-2875)
                                J. Gregory Lahr (JL-9969)
                                Gilbert Lee (GL-4014)
                                *Attorneys for Defendant*
                                *Langan Engineering & Environmental Services, Inc., P.C.*
                                125 Broad Street, 39th Floor
                                New York, New York 10004-2400
                                Telephone: (212) 422-0202
                                Facsimile: (212) 422-0925

To:   Robert C. Sheps, Esq.
      Sheps Law Group, P.C.
      *Attorneys for Plaintiff Travelers Property Casualty*
      *Company of America a/s/o*
      *Ethical Culture Fieldston School and*
      *Ethical Culture Fieldston*
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600

      William R. Bennett III, Esq.
      Bennett, Giuliano, McDonnell & Perrone, LLP
      *Attorneys for Defendant Tishman*
      *Construction Corporation of New York*
      494 Eighth Avenue, 7th Floor
      New York, New York 10001
      (646) 328-0120

Patrick J. Corbett, Esq.
Rubin, Fiorella & Friedman LLP
*Attorneys for Defendant John Civetta & Sons, Inc.*
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Leonardo D'Allesandro, Esq.
Milber, Makris, Plousadis & Seiden, LLP
*Attorneys for Ambrosino, Depinto, Schmeider*
*Consulting Engineers, P.C.*
3 Barker Avenue, 6th Floor
White Plains, New York 10601

Michael P. Mezzacappa, Esq.
Kaufman Borgeest & Ryan LLP
*Attorneys for Munoz Engineering & Land Surveying, P.C.*
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
(914) 741-6100

Marc S. Krieg, Esq.
Krieg Associates, P.C.
*Attorneys for Defendant Cooper, Robertson & Partners, LLP*
5 Heather Court
Dix Hills, New York 11746
(631) 499-8409

**CERTIFICATION**

    I hereby certify that on March 5, 2008, a copy of Defendant Langan Engineering and Environmental Services Inc., P.C.'s Answer to Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                              /s/ J. Gregory Lahr
                                                              J. Gregory Lahr (JL9969)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA a/s/o Ethical Culture Fieldston School and Ethical
Culture Fieldston,

         Plaintiff,

  -against-

TISHMAN CONSTRUCTION CORPORATION OF NEW
YORK, JOHN CIVETTA & SONS, INC., AMBROSINO,
DEPINTO, SCHMIEDER CONSULTING ENGINEERS,
P.C., MUNOZ ENGINEERING & LAND SURVEYING,
P.C., COOPER, ROBERTSON & PARTNERS, LLP, and
LANGAN ENGINEERING & ENVIRONMENTAL
SERVICES, INC.

         Defendants.
------------------------------------------------------------------------X

RULE 7.1 DISCLOSURE STATEMENT

CIVIL ACTION NO.
CV 07-11178 (SHS)

   Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for LANGAN ENGINEERING & ENVIRONMENTAL SERVICES, INC., P.C. certifies that it does not have a parent corporation, and no publicly held company owns ten percent or more of its stock.

Dated: New York, New York
   March 5, 2008

         SEDGWICK, DETERT, MORAN & ARNOLD, LLP

         /s/  J. Gregory Lahr
         Lawrence Klein (LK-2875)
         J. Gregory Lahr (JL-9969)
         Gilbert Lee (GL-4014)
         *Attorneys for Defendant*
         *Langan Engineering & Environmental Services, Inc., P.C.*
         125 Broad Street, 39th Floor
         New York, New York 10004-2400
         Telephone: (212) 422-0202
         Facsimile: (212) 422-0925

To:    Robert C. Sheps, Esq.
Sheps Law Group, P.C.
*Attorneys for Plaintiff Travelers Property Casualty*
*Company of America a/s/o*
*Ethical Culture Fieldston School and*
*Ethical Culture Fieldston*
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

William R. Bennett III, Esq.
Bennett, Giuliano, McDonnell & Perrone, LLP
*Attorneys for Defendant Tishman*
*Construction Corporation of New York*
494 Eighth Avenue, 7th Floor
New York, New York 10001
(646) 328-0120

Patrick J. Corbett, Esq.
Rubin, Fiorella & Friedman LLP
*Attorneys for Defendant John Civetta & Sons, Inc.*
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Leonardo D'Allesandro, Esq.
Milber, Makris, Plousadis & Seiden, LLP
*Attorneys for Ambrosino, Depinto, Schmeider*
*Consulting Engineers, P.C.*
3 Barker Avenue, 6th Floor
White Plains, New York 10601

Michael P. Mezzacappa, Esq.
Kaufman Borgeest & Ryan LLP
*Attorneys for Munoz Engineering & Land Surveying, P.C.*
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
(914) 741-6100

Marc S. Krieg, Esq.
Krieg Associates, P.C.
*Attorneys for Defendant Cooper, Robertson & Partners, LLP*
5 Heather Court
Dix Hills, New York 11746
(631) 499-8409