UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/s/o Ethical Culture
Fieldston School and Ethical Culture Fieldston

                       Plaintiff,

    -against-

TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, JOHN CIVETTA & SONS, INC.,
AMBROSINO, DEPINTO, SCHMIEDER
CONSULTING ENGINEERS, P.C., MUNOZ
ENGINEERING & LAND SURVEYING, P.C.,
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.

                 Defendants.
------------------------------------------------------------------X

Case No.: 07 CV 11178

**ANSWER TO**
**AMENDED COMPLAINT**

Judge Assigned:
Stein, J.

      Defendant MUNOZ ENGINEERING & LAND SURVEYING, P.C., by its attorneys KAUFMAN BORGEEST & RYAN LLP, as and for its Answer to plaintiff's Amended Complaint, states upon information and belief as follows:

### AS AND FOR AN ANSWER TO "THE PARTIES"

      1.    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "1" of plaintiff's Complaint.

      2.    Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "2" of plaintiff's Complaint.

3. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "3" of plaintiff's Complaint.

4. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "4" of plaintiff's Complaint.

5. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "5" of plaintiff's Complaint.

6. Answering defendant denies the truth of the allegations contained in the paragraph designated "6" of plaintiff's Complaint.

7. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "7" of plaintiff's Complaint.

8. Answering defendant denies the truth of the allegations contained in the paragraph designated "8" of plaintiff's Complaint except admits that MUNOZ ENGINEERING & LAND SURVEYING, P.C. is a New York Domestic Business Corporation and respectfully refers all questions of law to the Court.

9. Answering defendant denies the truth of the allegations contained in the paragraph designated "9" of plaintiff's Complaint except admits that there existed an agreement and refers to the terms and conditions of the same and respectfully refers all questions of law to the Court.

10. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "10" of plaintiff's Complaint.

11. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "11" of plaintiff's Complaint.

12. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "12" of plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "JURISDICTION"

13. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "13" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO "JURISDICTION"

14. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "14" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

15. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "15" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

16. Answering defendant denies the truth of the allegations contained in the paragraph designated "16" of plaintiff's Complaint.

17. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "17" of plaintiff's Complaint.

18. Answering defendant denies the truth of the allegations contained in the paragraph designated "18" of plaintiff's Complaint and refers to the documents referenced within the same.

19. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "19" of plaintiff's Complaint.

20. Answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "20" of plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "A FIRST CAUSE OF ACTION AS TO DEFENDANTS –NEGLIGENCE-"

21. In answering paragraph "21", the answering defendant repeats and reiterates each of the responses to paragraphs "1" through "20" of the plaintiff's Complaint as if more fully set forth herein.

22. Answering defendant denies the truth of the allegations contained in the paragraph designated "22" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

23. Answering defendant denies the truth of the allegations contained in the paragraph designated "23" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO "A SECOND CAUSE OF ACTION AS TO DEFENDANTS TISHMAN AND CIVETTA–NEGLIGENCE-"

24. In answering paragraph "24", the answering defendant repeats and reiterates each of the responses to paragraphs "1" through "23" of the plaintiff's Complaint as if more fully set forth herein.

25. Answering defendant denies the truth of the allegations contained in the paragraph designated "25" of the plaintiff's Complaint as to MUNOZ ENGINEERING & LAND SURVEYING, P.C. and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants and respectfully refers all questions of law to the Court.

26. Answering defendant denies the truth of the allegations contained in the paragraph designated "26" of the plaintiff's Complaint as to MUNOZ ENGINEERING & LAND SURVEYING, P.C. and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to co-defendants and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO "A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS –BREACH OF CONTRACT-"

27. In answering paragraph "27", the answering defendant repeats and reiterates each of the responses to paragraphs "1" through "26" of the plaintiff's Complaint as if more fully set forth herein.

28. Answering defendant denies the truth of the allegations contained in the paragraph designated "28" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

29. Answering defendant denies the truth of the allegations contained in the paragraph designated "29" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

30. Answering defendant denies the truth of the allegations contained in the paragraph designated "30" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

31. Answering defendant denies the truth of the allegations contained in the paragraph designated "31" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

32. Answering defendant denies the truth of the allegations contained in the paragraph designated "32" of plaintiff's Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Whatever damages Plaintiff may have sustained at the time and place mentioned in the Amended Complaint and/or as a result of the occurrence alleged in the Amended Complaint, all of which is denied by this Answering Defendant, were caused in whole or in part by the culpable conduct of the Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, or its subrogor, Ethical Culture Fieldston School and Ethical Culture Fieldston. The amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF

AMERICA or its subrogor, Ethical Culture Fieldston School and Ethical Culture Fieldston, bears to the culpable conduct which caused said injuries.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom Answering Defendant neither had nor exercised control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff and its subrogor have failed to mitigate their damages, if any, and recovery, if any, must be reduced accordingly.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the negligence of the subrogor, Ethical Culture Fieldston School and Ethical Culture Fieldston, constitutes a superseding, intervening cause and was the sole proximate cause of the subject incident rather than any negligence of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the liability if this defendant, if any, which is denied, is in all events subject to and limited by, the terms and conditions of and/or any applicable provisions of the New York Civil Practice Laws and Rules, the New York Uniform Commercial Code and all other legislation limiting liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Answering Defendant was not and is not in privity with the Plaintiff or its subrogor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and or its subrogors are contributorily negligent for all damages alleged within the complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiff or its subrogor has made claims and has received payment from other sources with respect to the damages alleged in the complaint, the plaintiff is not entitled to recover such amounts from this defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff and or its subrogors assumed the risk of all damages alleged within its complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Answering defendant's liability is limited by the provisions of Article 16 of the Civil Practice Law and Rules.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the facts of the Complaint regarding the alleged wrongdoing of answering defendant does not rise to the level of gross negligence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The complaint alleges no facts constituting any liability by answering defendant or any obligations arising out of any obligations properly attributable to answering defendant pursuant to 16 NYCRR Park 753 regarding "Call Before You Dig" obligations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged injuries to plaintiff and/or its subrogors were caused by others arising out of the failure of others having obligations pursuant to 16 NYCRR Park 753 regarding "Call Before You Dig" obligations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any and all surveys provided by this defendant specifically advise that any and all utilities referenced on the same are "Not guaranteed" and therefore "exact locations must be field

marked by the respective utility company." As a result, any alleged injuries to plaintiff and/or its subrogors was out of the failure of a party other than this Answering defendant's failure to do the same.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to sue indispensable parties.

### CROSS-CLAIMS AGAINST CO-DEFENDANTS TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

Upon information and belief, if Plaintiff and/or its subrogor sustained any damages as alleged in the Complaint, all of which are denied by this defendant, said damages were caused by the negligence, culpable conduct, breach of contract and/or wrongful acts of co-defendants TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., their agents, servants and/or employees, and not through any acts of negligence, culpable or wrongful conduct on the part of this defendant, its agents, servants and/or employees.

Consequently, this defendant is entitled to full indemnity, either by common law or contract and/or contribution from, and to judgment over and against TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND

ENVIRONMENTAL SERVICES, INC. for the full indemnification either by common law or contractual, or for contribution in the amount of the excess paid by this defendant over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

WHEREFORE, answering defendant hereby demands judgment dismissing the plaintiff's Amended Complaint herein, and, alternatively, demands judgment against the defendants, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., for full indemnification either by common law or contractual or for contribution in the amount of the excess paid by this answering defendant over and above its equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just and proper.

Dated: Valhalla, New York
       March 6, 2008

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP
By: Stephanie B. Gitnik, Esq. (SG3977)
Michael P. Mezzacappa (MM 0757)
Attorneys for Defendant
**MUNOZ ENGINEERING & LAND SURVEYING, P.C.**
200 Summit Lake Drive, First Floor
Valhalla, New York 10595
(914) 741-6100
Our File No.: 726.006

TO: Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
35 Pinelawn Raod, Suite 106E
Melville, New York 11746

Patrick J. Corbett, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for John Civetta & Sons, Inc.
292 Madison Avenue, 11th Floor
New York, New York 10017
212-953-2381
File: 587-10174

Mark S. Krieg, Esq.
KRIEG ASSOCIATES, P.C.
Attorneys for Cooper, Robertson & Partners, LLP
5 Heather Court
Dix Hills, New York 11746
631-499-8406

Thomas H. Kukowski, Esq. (TK-1749)
Leonardo D'Allessandro (LD-0688)
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
Attorneys for Ambrosino, DePinto & Schmieder
Consulting Engineers, P.C.
3 Barker Avenue, 6th Floor
White Plains, New York 10601
914-681-8700

William Bennett, III, Esq.
BENNETT, GIULIANO, McDONNELL & PERRONE, LLP
Attorneys for Tishman Construction Corporation of New York
494 Eighth Avenue, 7th Floor
New York, New York 10001
646-328-0120

Lawrence Klein (LK-2875)
J. Gregory Lahr (JL-9969)
Gilbert Lee (GL-4010)
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Langan Engineering and Environmental Services Inc.
125 Broad Street, 39th Floor
New York, New York 10004-2400
212-422-0202

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing Answer to Amended Complaint upon following counsel, by placing same in the United States Mail, on this 6th day of March, 2008 and by filing the same electronically with the Court's ECF System:

To: Robert C. Sheps, Esq.
   SHEPS LAW GROUP, P.C.
   35 Pinelawn Raod, Suite 106E
   Melville, New York 11746

   Patrick J. Corbett, Esq.
   RUBIN, FIORELLA & FRIEDMAN LLP
   Attorneys for John Civetta & Sons, Inc.
   292 Madison Avenue, 11th Floor
   New York, New York 10017
   212-953-2381
   File: 587-10174

   Mark S. Krieg, Esq.
   KRIEG ASSOCIATES, P.C.
   Attorneys for Cooper, Roberson & Partners, LLP
   5 Heather Court
   Dix Hills, New York 11746
   631-499-8406

   Thomas H. Kukowski, Esq. (TK-1749)
   Leonardo D'Allessandro (LD-0688)
   Attorneys for Ambrosino, DePinto & Schmieder
   Consulting Engineers, P.C.
   3 Barker Avenue, 6th Floor
   White Plains, New York 10601
   914-681-8700

   William Bennett, III, Esq.
   BENNETT, GIULIANO, McDONNELL & PERRONE, LLP
   Attorneys for Tishman Construction Corporation of New York
   494 Eighth Avenue, 7th Floor
   New York, New York 10001
   646-328-0120

   Lawrence Klein (LK-2875)
   J. Gregory Lahr (JL-9969)
   Gilbert Lee (GL-4010)
   SEDGWICK, DETERT, MORAN & ARNOLD, LLP
   Attorneys for Langan Engineering and Environmental Services Inc.
   125 Broad Street, 39th Floor
   New York, New York 10004-2400
   212-422-0202

2

    I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.


Dated: Valhalla, New York
      March 6, 2008

                                                        Stephanie B. Gitnik, Esq.