**FILED ELECTRONICALLY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/s/o Ethical Culture
Fieldston School and Ethical Culture Fieldston,

        Plaintiff,

-against-

TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, JOHN CIVETTA & SONS, INC.,
AMBROSINO, DEPINTO, SCHMIEDER
CONSULTING ENGINEERS, P.C., MUNOZ
ENGINEERING & LAND SURVEYING, P.C.,
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.,

        Defendants.
-------------------------------------------------------------------X

Case No. 07 CV 11178 (SHS)

ECF Case

**ANSWER TO AMENDED
COMPLAINT**

      Defendant Ambrosino, DePinto & Schmieder Consulting Engineers, P.C., sued herein as Ambrosino, DePinto, Schmieder Consulting Engineers, P.C. ("ADS"), by its attorneys Milber Makris Plousadis & Seiden, LLP, as and for its answer to the amended complaint dated February 11, 2008, states as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the complaint.

      4.    Admits that defendant Tishman Construction Corporation of New York provided services in connection with the relevant construction project and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the complaint.

  5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

  6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

  7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

  8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint.

  9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

  10. Admits the allegations contained in paragraph "10" of the complaint.

  11. Denies each and every allegation contained in paragraph "11" of the complaint.

  12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

  13. Admits that plaintiff alleges that the amount in controversy exceeds $75,000 and alleges that the place of occurrence is within this judicial district, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and respectfully refers all questions of law contained in paragraph "13" of the complaint to this Honorable Court.

  14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

15. Denies that ADS contracted with plaintiff or plaintiff's insured and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

18. Denies that ADS drafted or prepared site plans for the new storm drain at the subject premises and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION
AS TO DEFENDANTS – NEGLIGENCE**

21. ADS repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "20" of the complaint as its answer to paragraph "21" of the complaint as though fully set forth at length herein.

22. Denies each and every allegation of paragraph "22 (a) through (q)," inclusive, of the complaint as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

23. Denies each and every allegation as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

3

paragraph "23" of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION AS TO
### DEFENDANTS TISHMAN AND CIVETTA – NEGLIGENCE

24. ADS repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "23" of the complaint as its answer to paragraph "24" of the complaint as though fully set forth at length herein.

25. Denies each and every allegation of paragraph "25 (a) through (l)," inclusive, of the complaint as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

26. Denies each and every allegation as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "26" of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION AS TO
### ALL DEFENDANTS – BREACH OF CONTRACT

27. ADS repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "26" of the complaint as its answer to paragraph "27" of the complaint as though fully set forth at length herein.

28. Admits that ADS had a contract with co-defendant Cooper, Robertson & Partners, LLP ("Cooper"), denies that plaintiff's insured had a direct contract with ADS, denies that plaintiff's insured was a third-party beneficiary of the contract between ADS and Cooper, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "28" of the complaint.

29. Denies that ADS had a contract with plaintiff or plaintiff's insured, denies each and every allegation as they pertain to ADS, and denies knowledge or information sufficient to

4

form a belief as to the remaining allegations contained in paragraph "29" of the complaint.

30. Denies each and every allegation as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "30" of the complaint.

31. Denies each and every allegation as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "31" of the complaint.

32. Denies each and every allegation as they pertain to ADS and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "32" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. All injuries or damages allegedly sustained by plaintiff's insured, if any, were caused in whole or in part by culpable conduct, negligence, carelessness or lack of care and/or breach of contract on the part of plaintiff's insured or its directors, officers, agents or employees, and any recovery against ADS shall be diminished in proportion to plaintiff's relative wrongdoing, fault, misfeasance, malfeasance, failure to exercise due care and/or other culpable conduct.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The complaint fails to state a cause of action upon which relief against ADS can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the applicable statute of limitations or other limitations periods.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

36. Plaintiff lacks standing to sue ADS for the damages allegedly suffered.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

37. Plaintiff lacks capacity to sue ADS for the damages allegedly suffered.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

38. If plaintiff's insured sustained any damages as alleged in the complaint, such damages were caused, aggravated or contributed to by said insured's failure to take reasonable efforts to mitigate damages, and any award made to said plaintiff must be reduced in such proportion and to the extent that the damages complained of were caused, aggravated or contributed to by said failure to mitigate damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

39. The liability of ADS, if any, to plaintiff is limited to its equitable share to be determined in accordance with the relative culpability of all parties contributing to the alleged losses sustained.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

40. All injuries or damages allegedly sustained by plaintiff's insured as alleged in the complaint, if any, were caused in whole or in part by the culpable conduct, negligence, carelessness, lack of care and/or breach of contract by third parties over whom ADS exercised no supervision, direction, control or responsibility.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

41. All work performed by ADS was in accordance with the applicable custom and standard in the industry at all relevant times.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. Any recovery had by plaintiff against ADS shall be offset by any collateral source payments received by plaintiff pursuant to Rule 4545 of the Civil Practice Law and Rules.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's insured lacks privity of contract with ADS to maintain an action based upon any work it performed or any other relationship so close which can be construed as the functional equivalent of privity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44. Plaintiff's insured assumed the risk of proceeding with the alleged excavation without properly coordinating the services with or providing notice to the appropriate utilities provider.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45. To the extent plaintiff alleges that ADS breached its contract, there is no contract between plaintiff's insured and ADS.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., MUNOZ ENGINEERING & LAND SURVEYING, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

46. If it is found that ADS is liable to plaintiff herein, all of which is specifically denied, then such damages were caused by the negligence, carelessness, lack of care, breach of contract and/or other culpable conduct of Tishman Construction Corporation of New York, John Civetta & Sons, Inc., Munoz Engineering & Land Surveying, P.C., Cooper, Robertson & Partners, LLP, and Langan Engineering and Environmental Services, Inc. ("co-defendants"), who shall be liable to ADS for contribution on the basis of apportionment of responsibility for

7

the alleged occurrence, and to pay for all or part of any verdict or judgment that plaintiff may recover against ADS.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., MUNOZ ENGINEERING & LAND SURVEYING, P.C., COOPER, ROBERTSON & PARTNERS, LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

47.   If plaintiff in this action sustained damages at the time and place alleged in its respective pleadings by reason other than its own careless, reckless, negligent and/or other culpable conduct, and if it is found that ADS is liable to plaintiff herein, all of which is specifically denied, then ADS is entitled to contractual and/or common law indemnification from co-defendants based upon the careless, reckless, negligent, grossly negligent and/or other culpable conduct, breach of contract, or violations of statutes or regulations of co-defendants.

**WHEREFORE**, defendant Ambrosino, DePinto & Schmieder Consulting Engineers, P.C. demands judgment:

(A)   Dismissing the complaint;

(B)   Awarding said defendant judgment on its cross-claims for apportionment, contribution and indemnification, including attorneys' and investigative fees;

(C)   Awarding said defendant the costs and disbursements of this action; and

(D)   Awarding said defendant such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       March 7, 2008

8

                                    **MILBER MAKRIS PLOUSADIS & SEIDEN, LLP**

                                By:  s/ Leonardo D'Alessandro
                                    Thomas H. Kukowski (TK-1749)
                                    Leonardo D'Alessandro (LD-0688)
                                    Attorneys for Defendant
                                      Ambrosino, DePinto & Schmieder
                                      Consulting Engineers, P.C.
                                  3 Barker Avenue, 6th Floor
                                  White Plains, New York 10601
                                  (914) 681-8700

TO:    **SHEPS LAW GROUP, P.C.**
        Attorneys for Plaintiff
        36 Pine Lawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600

        **KRIEG ASSOCIATES, P.C.**
        Attorneys for Defendant
          Cooper, Robertson & Partners, LLP
        5 Heather Court
        Dix Hills, New York 11746
        (631) 499-8409

        **RUBIN, FIORELLA & FRIEDMAN, LLP**
        Attorneys for Defendant
          John Civetta & Sons, Inc.
        292 Madison Avenue, 11th Floor
        New York, New York 10017
        (212) 953-2381

        **KAUFMAN BORGEEST & RYAN LLP**
        Attorneys for Defendant
          Munoz Engineering & Land Surveying, P.C..
        200 Summit Lake Drive, First Floor
        Valhalla, New York 10595
        (914) 741-6100

**BENNETT, GIULIANO, McDONNELL**
 **& PERRONE, LLP**
Attorneys for Defendant
  Tishman Construction Corporation of
  New York
494 Eighth Avenue, 7th Floor
New York, New York 10001
(646) 328-0120

**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Defendant
  Langan Engineering & Environmental Services, Inc.
125 Broad Street 39th Floor
New York, New York 10004-2400
(212) 422-0202