UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA a/s/o Ethical
Culture Fieldston School and Ethical Culture
Fieldston

                      Plaintiff,

  -against-

TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK, JOHN CIVETTA & SONS,
INC., AMBROSINO, DEPINTO, SCHMIEDER
CONSULTING ENGINEERS, P.C., MUNOZ
ENGINEERING & LAND SURVEYING, P.C.,
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.

                     Defendants.
---------------------------------------X

CV: 07-CV-11178

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**



Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY of AMERICA a/s/o Ethical Culture Fieldston School and Ethical Culture Fieldston (hereinafter "Ethical Culture"), by and through its attorneys SHEPS LAW GROUP, P.C. complaining of the defendants, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, JOHN CIVETTA & SONS, INC., AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C., COOPER ROBERTSTON & PARTNERS LLP, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., alleges upon information and belief that at all times hereinafter mentioned:

**The Parties**

1.     Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY of AMERICA was and is a corporation organized and existing under the laws of the State of Connecticut, having its

principle place of business located at One Tower Square, Hartford, Connecticut 06183, and was at all times material hereto, authorized to issue policies of insurance in the State of New York. Plaintiff was a citizen of the State of Connecticut.

2. At all times pertinent hereto, plaintiff provided coverage to its insured, Ethical Culture under a policy of insurance, PJ630-425L9403, for the personal, business and real property that it owned and/or occupied at 3901 Fieldston Road, Bronx, New York 10471 ("the premises"). At all times hereinafter relevant, the plaintiff's insured owned the subject premises and was in the business of providing independent preparatory education to students serving grades pre-kindergarten through twelfth grade. Plaintiff paid its insured in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77).

3. Defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK (hereinafter "TISHMAN") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 666 Fifth Avenue, New York, New York 10103 and was in the business of construction management and general construction, serving as owner's representative and providing project management services.

4. Upon information and belief, defendant TISHMAN was the overall project manager for the relevant construction project at the subject premises that was underway on July 6, 2005.

5. Defendant, JOHN CIVETTA & SONS, INC. (hereinafter, "CIVETTA") is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 1123 Bronx River Avenue, Bronx,

New York 10472 and was in the business of excavation, foundations, concrete work, rock removal, underpinning and shoring, engineered demolition and site work.

6. Upon information and belief, defendant CIVETTA, was contracted by plaintiff to execute the plans designed and directed by defendants ARCHITECTS, TISHMAN, MUNOZ, CONSULTING ENGINEERS and LANGAN for the new storm drain system being installed at the subject premises.

7. Defendant, COOPER, ROBERTSON & PARTNERS, LLP (hereinafter "COOPER"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 311 West 43rd Street, New York, New York 10036 and was in the business of providing architectural design, program and development services for construction projects.

8. Defendant, MUNOZ ENGINEERING & LAND SURVEYING, P.C. (hereinafter, "MUNOZ"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 234 Fifth Avenue, Third Floor, New York, New York 10001 and was in the business of engineering, land surveying and construction management.

9. Upon information and belief, defendant MUNOZ, was contracted by defendant COOPER to survey the land located on the subject premises.

10. Defendant, AMBROSINO, DEPINTO, SCHMIEDER CONSULTING ENGINEERS, P.C. (hereinafter, "AMBROSINO"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 275 Seventh Avenue, New York, New York 10001-6787 and was in the business of mechanical engineering, plumbing engineering and consulting work.

11. Upon information and belief, AMROSINO, was involved in drafting the site plans for the construction work, including a new storm drain system at the subject premises.

12. Defendant, LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. (hereinafter, "LANGAN"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at River Drive Center 1, Elmwood Park, New Jersey 07407 and was in the business of civil engineering.

### Jurisdiction

13. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

### The Loss

14. At all times hereinafter mentioned Plaintiff's insured owned and operated the premises located at 3901 Fieldston Road, Bronx, New York, 10471 for use as a schooling institution.

15. Upon information and belief, prior to July 6, 2005, plaintiff contracted with defendants for the planning, design and safe construction of, including but not limited to, a new storm drain system at the subject premises.

16. Upon information and belief, defendant MUNOZ was contracted to provide for the safe excavation work necessary during the subject construction project.

17. Upon information and belief, CIVETTA was excavating rock in a trench for the new storm drain system located at the west parking lot of the subject premises, using a rubber tire

excavator with a hammer attachment, when they penetrated one of four feed conduits of an electrical duct bank.

18. Upon information and belief, the site plans for the new storm drain drafted and prepared by defendants did not indicate the presence of an electrical duct bank.

19. Upon information and belief, immediately following the piercing of the conduit, an explosion occurred in the electrical switch gear room in the basement of the Tate Library, located on the subject premises. Such explosion caused debris, smoke and soot to pervade the entire three-story Tate Library to varying degrees, affecting the walls, ceilings, floors, fixtures and content items throughout resulting in severe damage to plaintiff's insured's property, in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77).

20. Plaintiff reimbursed these sums to its insured's pursuant to the aforementioned policy of insurance and is equitably and contractually subrogated to its insured rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## AS TO DEFENDANTS
## -NEGLIGENCE-

21. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 20 inclusive.

22. The occurrence referred to in paragraph 19 and the consequent damages to the plaintiff's insured's property was proximately caused by the negligence, recklessness, negligence per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a) failing to adequately design, plan, execute and oversee the site plans for a new storm drain system at the subject premises;
(b) failing to adequately survey the subject premises for the location of the new storm drain system at the subject premises;

(c) failing to detect the presence of an electrical duct bank at the site for the new storm drain system at the subject premises;

(d) failure to mechanically and/or electrically engineer a proper design for the new storm drain system at the subject premises to prevent the striking of the involved electrical equipment;

(e) failing to use ordinary care during the design, planning and excavation of the storm drain system at the premises;

(f) failure to inform and/or warn contractors working on site of the danger presented by an electrical duct bank during excavation at the subject premises;

(g) failing to perceive a foreseeable risk and acting in a prudent manner in protecting the plaintiff's insured's property from damage due to an electrical duct bank explosion;

(h) failure to properly monitor and safeguard the work area to avoid the striking of the electrical duct bank during the excavation of the storm drain system at the subject premises;

(i) creating conditions that would cause the striking of the electrical duct bank and subsequent explosion into plaintiff's insured's premises;

(j) failing to properly maintain/protect the work area in a safe manner as to prevent a high degree of risk of explosion in the insured's property;

(k) failing to hire competent servants, contractors, agents, employees and/or workmen to properly maintain/protect the plaintiff's insured's property to avoid an explosion during their excavation of the storm drain system at the subject premises;

(l) failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations and/or industry standards concerning the protection, manufacture, instruction and preservation of the premises during contracting work;

(m) failing to properly supervise, train, and/or instruct its employees or agents in the proper care of the work area of excavation;

(n) failing to recognize the obvious hazards presented by excavating in near proximity to an electrical duct bank;

(o) failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe contracting activities;

(p) failing to do those things which were necessary to safely preserve and protect the plaintiff's property;

(q) otherwise failing to use due care and proper skill under the circumstances.

23. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendant and its representatives, agents, servants and/or employees, the electrical duct bank explosion referred to in paragraph 19 took place resulting in damage and destruction to the insured's property and loss

to the plaintiff in the amount in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77), which sum was reimbursed by plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS TISHMAN AND CIVETTA -NEGLIGENCE-

24.  Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 23 inclusive.

25.  The occurrence referred to in paragraph 19 and the consequent damages to the plaintiff's insured's property was proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a)  failing to detect the presence of an electrical duct bank at the site of excavation for the new storm drain system at the subject premises;

(b)  failing to use ordinary and proper care during the excavation at the site for the storm drain system at the subject premises;

(c)  failing to use equipment that was safe during the excavation at the site for the storm drain system at the subject premises;

(d)  failing to perceive a foreseeable risk and acting in a prudent manner in protecting the plaintiff's insured's property from damage due to an electrical duct bank explosion;

(e)  failure to properly monitor and safeguard the work area to avoid the striking of the electrical duct bank during the excavation of the storm drain system at the subject premises;

(f)  creating conditions that would cause the striking of the electrical duct bank and subsequent explosion into plaintiff's insured's premises;

(g)  failing to properly maintain/protect the work area in a safe manner as to prevent a high degree of risk of explosion in the insured's property;

(h)  failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations and/or industry standards concerning the protection, manufacture, instruction and preservation of the premises during contracting work;

(i)  failing to properly supervise, train, and/or instruct its employees or agents in the proper care of the work area of excavation;

(j)  failing to recognize the obvious hazards presented by excavating in near proximity to an electrical duct bank;

(k)      failing to do those things which were necessary to safely preserve and protect the plaintiff's property;

(l)      otherwise failing to use due care and proper skill under the circumstances.

26. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendant and its representatives, agents, servants and/or employees, the electrical duct bank explosion referred to in paragraph 19 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77), which sum was reimbursed by plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
## AS TO ALL DEFENDANTS
## -BREACH OF CONTRACT-

27. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 26 inclusive.

28. Plaintiff's insured either had a direct contract with defendant or was the intended third party beneficiary of a contract between one of the defendants and a third party.

29. Defendants breached their contractual duties and obligations with plaintiff's insured in that they failed to properly handle, protect and preserve the property owned by plaintiff's insured being the cause of the damages suffered by the plaintiff's insured.

30. Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally, for all damages resulting from the aforesaid breaches and/or violations.

31. Defendants promised to indemnify and insure plaintiff's insured for said losses but failed to do so.

32. By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 19 took place resulting in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77).

WHEREFORE, plaintiff demands judgment jointly and severally, against defendants, in an amount in excess of FOUR HUNDRED TWENTY-TWO THOUSAND NINE DOLLARS AND SEVENTY-SEVEN CENTS ($422,009.77), together with interest and the cost of this action.

Dated: Melville, New York
       February 11, 2008

Respectfully submitted,

SHEPS LAW GROUP, P.C.
BY: ROBERT C. SHEPS
*Attorney for Plaintiff*
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 6771