Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
TISHMAN CONSTRUCTION CORPORATION
OF NEW YORK
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
William R. Bennett, III (WB 1383)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY                    07 CV 11178
COMPANY OF AMERICA a/s/o Ethical
Culture Fieldston School and Ethical Culture
Fieldston,

           Plaintiff,

- against -

TISHMAN CONSTRUCTION CORPORATION              AMENDED ANSWER OF
OF NEW YORK, JOHN CIVETTA & SONS, INC.,       DEFENDANT TISHMAN
AMBROSINO, DEPINTO, SCHMIEDER                 CONSTRUCTION
CONSULTING ENGINEERS, P.C., MUNOZ             CORPORATION OF
ENGINEERING & LAND SURVEYING, P.C.,           NEW YORK
COOPER, ROBERTSON & PARTNERS, LLP,
and LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.,

           Defendants.
-----------------------------------------------------------------X

      Defendant, Tishman Construction Corporation of New York ("Tishman"), by and through its attorneys Bennett, Giuliano, McDonnell & Perrone, LLP, as and for its Amended Answer to the Amended Complaint states:

### THE PARTIES

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

## JURISDICTION

13. Admits the allegations contained in paragraph 13 of the Complaint.

## THE LOSS

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Tishman admits it was contracted to perform contractor management duties; but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE FIRST CAUSE OF ACTION

21.     Tishman repeats and realleges each and every admission, denial, and denial of knowledge and information as if set forth at length herein.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

24. Tishman repeats and realleges each and every admission, denial, and denial of knowledge and information as if set forth at length herein.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

## AS AND FOR AN ANSWER TO
## THE THIRD CAUSE OF ACTION

27. Tishman repeats and realleges each and every admission, denial, and denial of knowledge and information as if set forth at length herein.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of the answering defendant, its servants, agents or employees.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Notwithstanding that the answering defendant has denied liability herein, in the event that liability is found, the liability of the answering defendant shall be fifty percent or less of the total liability assigned to all persons liable and liability of the answering defendant shall

not exceed its equitable share determined accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.  That upon information and belief, the loss allegedly sustained by plaintiff was the result of the acts of another over whom Tishman exercised no direction or control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.  That upon information and belief, the loss alleged sustained by plaintiff was the result of the acts of independent contractors over whose work Tishman exercised no direction or control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.  That upon information and belief, the loss allegedly sustained by plaintiff was the result of superseding and/or intervening acts of negligence by persons over whom Tishman Construction had neither control nor the right of control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.  The Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.  The claim is time barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.  The Complaint fails to state a cause of action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.  Service of process was insufficient.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

(COMMON LAW INDEMNIFICATION)

10. Defendant denies the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of the co-defendants, while the wrongdoing of the answering defendant will have been passive and secondary.

11. By reason of the foregoing, the answering defendant is entitled to full indemnity from co-defendants.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

(CONTRIBUTION)

12. Defendant denies the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff and should said defendant not be awarded full indemnity on the first cross-claim of this answer, then the answering defendant is entitled to an apportionment of fault against co-defendants in proportion to the relative degrees of fault or wrongdoing among the parties to this action.

13. By reason of the foregoing, the answering defendant is entitled to contribution or partial indemnity from the co-defendants in accordance with the relative degrees of fault or wrongdoing of the parties to this action.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS

(CONTRACTUAL INDEMNIFICATION)

14. An agreement was made by and between the answering defendant, on the one part, and one or more of the co-defendants, on the other part, pursuant to which, *inter alia*, one or more of the co-defendants undertook to indemnify, fully or partially, the answering defendant for

loss or damage arising out of or in connection with the aforesaid agreement. The answering defendant begs leave to refer to the original of such agreement for its terms and conditions.

15. By reason of the foregoing agreement, the answering defendant is entitled to either complete indemnification or partial indemnity by contract from one or more of the co-defendants for any verdict, judgment or settlement reached in this action against the answering defendant, together with costs, disbursements and attorneys' fees.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANTS

16. An agreement was made by and between the answering defendant, on the one part, and one or more of the co-defendants, on the other part, pursuant to which, *inter alia*, one or more of the co-defendants undertook to procure liability insurance for the benefit of the answering defendant for all claims arising out of or in connection with the work or services performed by the answering defendant under the aforesaid agreement, the answering defendant may be entitled to demand that a liability insurer undertake to defend and indemnify the answering defendant in connection with this action but, to date, no such liability insurer has done so.

17. Upon information and belief, by reason of the failure of any liability insurance company to undertake the defense and indemnification of the answering defendant in connection with this action, one or more of the co-defendants have breached its contractual obligation to the answering defendant.

18. By reason of such breach, one or more of the co-defendants are obligated to indemnify fully the answering defendant for any verdict, judgment or settlement in this action together with costs, disbursements and attorneys fees.

WHEREFORE, defendant Tishman Construction Corporation of New York, demands:

1. Judgment dismissing the Amended Complaint;

2. In the event that the Amended Complaint is not dismissed, then (a) full indemnity with respect to the first and third cross-claims; (b) full indemnity, together with costs, disbursements, and attorneys' fees pursuant to the fourth cross-claim; and/or (c) in the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing.

3. Together with the attorneys fees, costs and disbursements of this action.

Dated: New York, New York
       March 17, 2008

                                    Bennett, Giuliano, McDonnell & Perrone, LLP
                                    Attorneys for Defendant
                                    TISHMAN CONSTRUCTION CORPORATION
                                    OF NEW YORK

                                    */s/ William R. Bennett*
                                    William R. Bennett, III, Esq.
                                    Erika M. Achtziger, Esq.
                                    494 Eighth Avenue, 7th Floor
                                    New York, New York 10001
                                    Telephone:    (646) 328-0120

TO:   Robert C. Sheps, Esq.
       Sheps Law Group, P.C.
       Attorneys for Plaintiff
       35 Pinelawn Road, Suite 106E
       Melville, New York 11747
       Telephone:    (631) 249-5600
       Your File No.: 6771

       John Civetta & Sons, Inc.
       1123 Bronx River Avenue
       New York, New York 10472

       Cooper, Robertson & Partners, LLP

311 West 43rd Street
New York, New York 10036

Munoz Engineering & Land Surveying, P.C.
234 Fifth Avenue, 3rd Floor
New York, New York 10001

Ambrosino, Depinto & Schmieder Consulting Engineers, P.C.
275 Seventh Avenue
New York, New York 10001-6787

Langan Engineering and Environmental Services, Inc.
21 Penn Plaza
360 West 31st Street, 8th Floor
New York, New York 10001-2727

Z:\Documents\All Files\D767 Fieldston School\Pleadings\AnsAmdComp-030408.doc