# Bennett, Giuliano, McDonnell & Perrone, LLP

**New Jersey Office:**
201 Littleton Road
P.O. Box 513
Morris Plains, NJ 07950
Tel. (973) 387-0486
Fax. (973) 796-2884

494 Eighth Avenue, 7th Floor
New York, New York 10001

Telephone: (646) 328-0120
Telefax: (646) 328-0121
www.bgmplaw.com

**Florida Office:**
6615 West Boynton Beach Blvd.
No. 351
Boynton Beach, FL 33437
Tel. (561) 337-8816
Fax. (561) 337-4653

*USDC SDNY — DOCUMENT ELECTRONICALLY FILED — DOC #: ___ DATE FILED: 8/1/08*

*RECEIVED JUL 30 2008 CHAMBERS OF JUDGE SIDNEY H. STEIN J.S.D.J.*

July 29, 2008

*Our File: D767*

\* \* \*

Honorable Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1010
New York, NY 10007

*Handwritten order: 8/1/08 Plt is to respond to this application on or before Aug 6 and to produce the unredacted documents for in camera inspection. The cover letter is to be marked "for in camera review." So ordered. S/ Stein J.S.D.J.*

          Re:    Travelers Property Casualty Co. of America
                 a/s/o Ethical Culture Fieldston School v.
                 Tishman Construction et.al.

Dear Judge Stein:

    We represent defendant Tishman Construction of New York and write, on behalf of all defendants, to seek your Honor's ruling on a discovery issue that arose during the deposition of Robert Greubel, an insurance adjuster for plaintiff.

    Prior to Mr. Greubel's deposition, plaintiff provided defendants with a privilege log wherein plaintiff asserted that four statements contained within three documents where materials prepared in anticipation of litigation. After deposing Mr. Greubel, it became apparent that the redacted statements contained in the three documents could not have been privileged material.

    The work product doctrine provides qualified protection to documents and other tangible things "prepared in anticipation of litigation or for trial." Stokes v. City of New York, 2006 WL 20649736 E.D.N.Y. 2006 citing Fed.R.Civ.P. 26(b)(3); see generally Hickman v. Taylor, 329 U.S. 495 (1947). The privilege "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman, 329 U.S. at 510-11). As the Supreme Court explained in Hickman:

The Honorable Sidney Stein
July 29, 2008
Page 2

> Proper preparation of a client's case demands that [a lawyer] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers at within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impression, personal beliefs, and countless other tangible and intangible ways …

The party invoking the work product privilege, here the plaintiff, bears the burden of establishing all its elements. See United States v. Constru. Prods. Research, 73 F.3d 464, 473 (2d Cir. 1996).

In determining whether material was prepared "in anticipation of litigation," the proper inquiry is "whether the documents were prepared 'because of' existing or expected litigation." Adlman, 134 F.3d at 1198. Under this test, documents are "deemed prepared in 'anticipation of litigation' if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Strougo v. Bea Assocs., 199 F.R.D. 515, 520-21 (S.D.N.Y. 2001) (quoting Adlman, 134 F.3d at 1202). That is not the case here.

The first document is the Property Large Loss Report prepared by Mr. Greubel dated approximately one month after the loss, a copy of which is attached hereto as Exhibit A. Mr. Greubel testified that his job was to gather the facts and assess whether the claim is covered under Travelers' policy. Mr. Greubel testified that he deals with first-party claims, not subrogation. Because the claim was going to be above $100,000, Mr. Greubel was required to fill out a Large Loss Report, which he did. He did not prepare the form at the direction of counsel. Mr. Greubel did not make, and does not make, any decisions regarding who is at fault for the loss or whether subrogation should be pursued. The plaintiff has redacted a significant portion of Mr. Greubel's findings under the section entitled "Loss Facts." Because Mr. Greubel does not get involved in litigation, and his fact gathering and reporting was not done at the direction of an attorney and did not concern subrogated litigation, the facts contained within his report cannot be "material prepared in anticipation of litigation."

The other two documents are status reports prepared by an independent claim adjuster, Terrier Claims Services, dated August 15, and September 16, 2005, attached hereto as Exhibits B and C respectively. Mr. Greubel testified the Terrier Claims Services is an independent claims adjusting service used by Travelers when an initial notice of claim is received. Terrier worked on gathering the facts for the sole purpose of assisting Travelers in determining whether the loss is a covered loss; not to determine whether Travelers has a right of subrogation. Moreover, Terrier is a disinterested third-party over whom Travelers cannot claim any privilege.

We respectfully request that the Court conduct an *in camera* review of the redacted

The Honorable Sidney Stein
July 29, 2008
Page 3

material, which plaintiff has consented to, and conduct a brief hearing, if necessary, to determine whether the redactions are privileged material.

Very truly yours,

William R. Bennett

/bm
Att.

cc:  Robert C. Sheps, Esq.
     Sheps Law Group, P.C.
     35 Pinelawn Road, Suite 106E
     Melville, New York 11746

     Mark S. Krieg, Esq.
     Krieg Associates, P.C.
     5 Heather Court
     Dix Hills, New York 11746

     Kaufman Borgeest & Ryan LLP
     Stephanie B. Gitnik, Esq.
     Michael P. Mezzacappa, Esq.
     200 Summit Lake Drive, First Floor
     Valhalla, New York 10595

     Patrick J. Corbett, Esq.
     Rubin, Fiorella & Friedman LLP
     292 Madison Avenue, 11th Floor
     New York, New York 10017

     Lawrence Klein, Esq.
     Sedgwick, Detert Moran & Arnold, LLP
     125 Broad Street, 39th Floor
     New York, New York 10004

     Thomas H. Kukowski, Esq.
     Leonardo D'Allessandro, Esq.
     Milber Makris Plousadis & Seiden, LLP
     3 Barker Avenue, 6th Floor
     White Plains, New York 10601